# BARSHAY│SANDERS PLLC
## ATTORNEYS & COUNSELORS AT LAW

BARSHAY SANDERS PLLC
COUNSELORS AT
LAW 100 GARDEN CITY PLAZA,
SUITE 500 GARDEN CITY, NEW
YORK 11530
T: 516-203-7600
F: 516-281-7601
WWW.BARSHAYSANDERS.COM

February 8, 2016

**Via ECF**
Hon. Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Willie Guerrero, et al. v. GC Services Limited Partnership*
               Docket No: 2:15-cv-06103-DRH-AKT

Dear Judge Hurley:

      We represent Plaintiff concerning the above-referenced matter and write pursuant to Your Honor's Individual Practice Rules to request a pre-motion conference concerning Plaintiff's proposed Rule 12(f)(2) motion to strike Defendant's affirmative defenses. Plaintiff's request is made within twenty-one (21) days of service of Defendant's Answer.

      Rule 12(f) permits the Court to order insufficient defenses stricken from any pleading. While Rule 12(f) motions may sometimes be disfavored, they are appropriately granted where a party asserts "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Indeed, affirmative "[d]efenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996). Rule 12(f) motions are reviewed under the same standard as motions to dismiss under Rule 12(b)(6). *See United States v. Portrait of Wally, A Painting By Egon Schiele*, No. 99 CIV. 9940 (MBM), 2002 WL 553532, at *4 (S.D.N.Y. Apr. 12, 2002).

      Concerning Defendant's affirmative defenses, such sound in a *bona fide* error defense.

As an initial matter, "[b]ecause the bona fide error defense rests upon mistake, the circumstances surrounding the mistake must be stated with particularity." *Walters v. Performant Recovery, Inc.*, No. 3:14-CV-01977 (VLB), 2015 WL 4999796, at *4 (D. Conn. Aug. 21, 2015) *quoting Nguyen v. HOVG, LLC,* No. 14–cv–837 (BTM) (RBB), 2014 WL 5361935, at *2 (S.D.Cal. Oct. 20, 2014) (citing Fed.R.Civ.P. 9[b]); *Wiebe v. Zakheim & Lavrar, P.A.,* No. 6:12–cv–1200–ORL–18TBS, 2012 WL 5382181, at *2 (M.D.Fla. Nov. 1, 2012) ("A claim of bona fide error is tantamount to a claim of mistake and therefore, the Defendant must plead this defense with the particularity required by Rule 9(b)."); *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.,* No. 07–C–5338, 2008 WL 2061551, at *1 (N.D.Ill. May 14, 2008) (finding defendant "obligated to comply with both Fed.R.Civ.P. 8 and 9(b)" when asserting bona fide error defense under the FDCPA). To satisfy Rule 9(b), the defense must articulate "who, what, when, where, and how" the bona fide error occurred. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). Here, Defendant's affirmative defense is nothing more than a boilerplate, formulaic recitation of the standard for a bona-fide error defense under 15 U.S.C. § 1692k(c) of the FDCPA. The affirmative defense does not plead any facts that would give Plaintiff sufficient notice of the specific mistake that Defendant is referencing, and is, therefore, plainly insufficient as a matter of law. *See Bradshaw v. Hilco Receivables, LLC,* 725 F.Supp.2d 532, 537 (D.Md. 2010); *see also Godson v. Eltman, Eltman & Cooper, P.C.,* 285 F.R.D. 255, 259 (W.D.N.Y. 2012) (striking defense of bona fide error where there was "no indication whatsoever of what that error might be.")

The maintenance of these affirmative defenses would increase the time and expense of trial, and result in broader and more expensive discovery than necessary. As such, the stated affirmative defenses should be stricken.

Thank you for your attention to this matter.

Respectfully submitted,

*/s David M. Barshay*
David M. Barshay

cc: All parties via ECF system